## JONATHAN DURHAM *versus* HIRAM O. ALDEN & *al.*

One co-tenant, holding a mortgage on the part of the other, united with him in a deed of the land of which they are co-tenants, by which the several portions of each are conveyed, and in which the premises conveyed are said to be " free from incumbrances," and " that the grantors have good right to sell and convey," without causing any exception to be made of his own title as mortgagee, and without disclosing its existence to the purchaser. He is estopped by the declarations of his mortgagor in their deed to claim under his mortgage.

To permit him to disturb a title thus acquired, would be a fraud upon the purchaser.

THIS was a writ of entry, in which the plaintiff sought to obtain judgment as on a mortgage upon the following agreed statement of facts: —

On June 1, 1835, the demandant being the owner of a certain tract of land in Belfast, conveyed seven eighths of the same by deed of warranty to one Philip Morrill, for the con-

sideration of $1400, and the same day the said Morrill mort-gaged his interest in said premises to the demandant to secure the sum of $1150, the balance of the consideration unpaid at the time of the deed.

On the 6th of March, 1837, said Morrill and the demandant united in conveying a portion of said tract, being the premises in dispute, to one Daniel Merrill, under whom the tenants derive their title. This deed was as follows:—

" Know all men, &c. that we, Philip Morrill and Jonathan Durham, &c. in consideration of, &c. paid by Daniel Merrill, (the receipt of which we hereby acknowledge,) do hereby give, grant, sell, and convey unto the said Daniel Merrill, that is to say, the said Philip Morrill does hereby give, grant, and convey seven eighth parts, and the said Jonathan Durham one eighth part of the following piece or parcel of land, &c. (describing the same,) to have and to hold the aforegranted premises to the said Daniel Merrill, his heirs and assigns, to their use and behoof forever.

" And we do covenant with the said Merrill, his heirs and assigns, that we are lawfully seized in fee of the aforegranted premises, that they are free of incumbrances, and that we have good right to sell and convey the same to the said Merrill in the aforesaid proportions, and we will warrant and defend the same to the said Merrill, against the lawful claims and demands of all persons, &c. &c. In witness whereof, &c."

On the 26th of June, 1837, the demandant, by consent of said Morrill, in writing, entered upon the mortgaged premises for condition broken, and for the purpose of foreclosing said Morrill's right in equity to redeem the same.

The tenant's claim, by deed of warranty from said Merrill was dated Sept. 1, 1838.

This action is brought to recover seizin and possession of said seven eighths, as aforesaid. If upon the foregoing facts the action is maintainable, judgment is to be entered for the demandant; otherwise, for the tenants, and with costs; provided, also, that if the Court should be of opinion that the covenants of warranty on the part of the demandant, contained

Durham *v.* Alden.

in his deed to Merrill, extend to and cover said seven eighths aforesaid, being the demanded premises, and the incumbrances created by the mortgage, then judgment is to be for the tenants, but without costs against the demandant.

*W. Kelley*, for the demandants. The only question which arises in this case is as to the true construction of the deed from the demandant and Morrill to D. Merrill. Are the covenants joint and several? The intention of the parties should govern as to the construction of a deed or other contract. Here the parties did not intend to covenant for each other. Each covenanted only for his own interest. The parties specify their several interests, and the grantor could only sue each on the covenants for his several interest. The whole instrument is to be taken together. The Court will not make a contract joint when the parties intended it to be several. *Allen* v. *Holton*, 20 Pick. 458; 1 Esp. N. P. 287; *Carleton* v. *Tyler*, 16 Maine R. 392; *Walker* v. *Webber*, 3 Fairf. 65; *Cole* v. *Hawes*, 2 Johns. Cases, 202; 2 Hilliard's Abr. 372; Met. & Perk. Dig. 675.

*W. G. Crosby*, for the tenants. A recovery might be had on the covenants against incumbrances; and to prevent circuity of action the tenant may set up the same in bar. The language of the deed is joint. The word " we" indicates that the covenants were joint. If it was not the intention of the grantors to covenant against the mortgage, it would have been excepted from the operation of the covenants in the deed. The grantee must have understood that he was having the benefit of a joint warranty. But were it a case of doubt, the language of the deed is to be taken most strongly against the grantor. *Bates* v. *Norcross*, 17 Pick. 14; *Gibson* v. *Gibson*, 15 Mass. R. 110; *Duvale* v. *Craig*, 2 Wheat. 45; *Carleton* v. *Tyler*, 16 Maine R. 392; 1 Esp. N. P. 271. If the owner stand by and see the defendant, under an erroneous impression, make a purchase and erect improvements, he shall be estopped from asserting his claim. *Hatch* v. *Kimball*, 16 Maine R. 146.

Durham *v.* Alden.

The opinion of the Court was delivered by

Shepley J. — It appears from the agreed statement, that the demandant as mortgagee in fee held the title to seven eighths, and had an indefeasible title to the other eighth, of a tract of land, of which the demanded premises were a part. And that he united with his mortgagor in a deed conveying the premises to Daniel Merrill, from whom the tenants derive their title. By this deed the demandant conveyed one eighth and his mortgagor seven eighths with warranty. Admitting the covenants to be several and not joint, the effect of this transaction is, that the demandant knowingly becomes a party to the most solemn assurance made by his mortgagor under his hand and seal, that the seven eighths " are free of all incumbrances" and that " he has good right to sell and convey the same." And he does this, while he held a mortgage covering the premises, on which was then due more than double the amount of the purchase money, without causing any exception of his own title to be introduced ; and without giving any information to the purchaser, that he claimed any title, or that the grantor's title was defective. Under such circumstances he is as much bound by the declarations of his mortgagor as if they were his own. It would be a fraud upon the purchaser to permit him now to disturb that title. *Wendell* v. *Van Rensellaer,* 1 John. Ch. 344; *Storrs* v. *Barker,* 6 id. 166; 1 Story's Eq. 376; *Hatch* v. *Kimball,* 16 Maine R. 146. It would be no legal excuse, if done through ignorance or inattention, for it is more just, that he should be the loser under such circumstances than that the innocent and faultless purchaser should.

*Judgment for the tenants.*